## SHERMAN *et al.,* executors, *v.* BIRD.

The evidence in support of the verdict returned by the jury apparently so preponderantly exceeded the circumstances contradictory thereof adduced in the testimony for the defendants that the errors of which complaint is made can not be held to be so injurious as to have required the grant of a new trial; and the verdict being approved by the trial judge, this court can not hold that the refusal of a new trial was an abuse of discretion.

(*a*) The exclusion of the evidence of which complaint is made in the fourth ground of the amendment to the motion for a new trial is without merit, because the brief of evidence discloses that testimony of the same purport and effect was before the jury from the same witness in their consideration of the case.

(*b*) The evidence admitted over the objection of the defendants, of which complaint is made in the fifth ground of the amendment to the motion for a new trial, was harmless in any event, and not inadmissible upon the express ground of objection presented, to wit, "because it seeks to impeach the contract on which this plaintiff declares."

(*c*) The excerpts from the charge of the court to the effect that if the

Appeal and Error, 4 C. J. p. 819, n. 26; p. 823, n. 28; p. 833, n. 57; p. 834, n. 59; p. 858, n. 3; p. 864, n. 33; p. 969, n. 56; p. 982, n. 44; p. 1029, n. 30; p. 1041, n. 33; p. 1042, n. 34.

Specific Performance, 36 Cyc. p. 788, n. 32.

Trial, 38 Cyc. p. 1388, n. 82; p. 1389, n. 83; p. 1693, n. 55; p. 1694, n. 57, 58; p. 1778, n. 73; p. 1779, n. 75, 76; p. 1785, n. 89; p. 1786, n. 97.

jury believed from the preponderance of the evidence that a contract was entered into between E. Hilton and Viney Bird touching the sale of the land, and that Viney Bird had complied with her part of the contract by paying him or any one else authorized by him to receive the payment of the purchase-price of that land, it would be their duty to find for the plaintiff, was not erroneous for any reason assigned. It did not leave to the jury the determination of the nature of the contract, as complained, nor emphasize the immaterial testimony of plaintiff's witness that the real contract was that Hilton should buy the land for her and she should pay him only his actual outlay, since the only contract mentioned in the petition, a copy of which was attached thereto, must be presumed to be the contract referred to in the instruction. The instruction was not confusing, misleading, or calculated to impress the jury with the idea that the plaintiff was not bound by the terms of the bond for title or note given by her to Hilton; nor did the judge err, in the absence of a timely request, in omitting to instruct the jury that "there was no issue between the parties to the case as to the nature, character, or terms of the contract between the plaintiff and the defendants' testator."

(d) While the statement that the jury "are the judges of the pleadings and the evidence" was inapt, nevertheless, when the excerpt from the charge of which complaint is made in the seventh ground of the amendment to the motion for a new trial is considered in connection with its context, and especially in view of the fact that the jury were told that the pleadings were not evidence, it is evident that the judge was not committing to the jury the duty of construing the pleadings, and that the jury was not misled into believing that it had any more than its ordinary function of applying the evidence to the pleadings.

(e) Even if the instructions of which complaint is made in the eighth ground of the amendment to the motion for a new trial were erroneous, the plaintiffs in error have no cause for complaint, for the reason that it is manifest that the evidence of the defendants altogether failed to establish any facts which would entitle them to a judgment as prayed in their cross-petition.

(f) The exception presented in the ninth ground of the amendment to the motion for a new trial did not require the grant of a new trial.

(g) In view of the fact that the evidence introduced in behalf of the defendants would not have sustained a finding for affirmative relief as prayed, the exception to the instruction as to the form of the verdict, as contained in the tenth ground of the amendment to the motion for a new trial, is without merit.

No. 5687. September 8, 1927.

Equitable petition. Before Judge Yeomans. Early superior court. October 4, 1926.

*C. L. Glessner,* for plaintiffs in error. *A. H. Gray,* contra.

Russell, C. J. Under date of June 11, 1906, E. Hilton executed and delivered to Viney Bird the following instrument in writing: "State of Georgia, Early County: Know all men by

these presents, that I, E. Hilton, have sold and bargained to Viney Bird the following described property: one hundred and fifteen acres of land, a strip all across the east side of lot of land No. 257 in the 26th district of Early County, Ga., at the sum of four hundred and ninety-three 48-100 dollars, payable as follows: Jan. 1st, 1907. I reserve all the timber, and also tramroads, timber-roads, etc., on said land for the term of ten years from Jan. 1st, 1907. And said Viney Bird has given her promissory notes of this date for the deferred payment. Now should said Viney Bird pay said notes according to the legal tenor thereof, then said E. Hilton stands bound to make good and sufficient titles to said Viney Bird to said lands. Witness my hand and seal, this 11th June, 1906. E. Hilton (L. S.)." Under this writing Viney Bird has been in possession ever since. With the consent of Viney Bird, entered on said paper on March 7, 1908, E. Hilton executed a deed to one acre of the described land to the trustees of the Allen Chapel A. M. E. Church. E. Hilton died in 1916; and Viney Bird filed suit to the October term, 1925, of the superior court of Early County, alleging that she had paid the entire purchase-money, and that Hilton before his death had acknowledged payment in full, and that he would have executed a deed to her but for sickness at the time, and shortly afterwards he died without having executed the deed. The petition alleged that J. S. Sherman and H. E. Hightower are the executors of Hilton's will, and have refused to execute a deed to the premises under the terms of the bond executed by Hilton; and she prayed that the title to the premises; with the exception of the acre deeded to the church, be decreed to be in her, and 'that the executors be required to execute title to her in compliance with the terms of the bond. The defendants filed an answer, with a special plea in the nature of a cross-bill, alleging that the plaintiff never paid any part of the principal amount of her obligation, and, praying for an accounting, asked judgment for the sum of $493.43, with interest from January 1, 1907, and the appointment of a commissioner to sell the land. No demurrer to the petition was filed. Upon the trial the jury found for the plaintiff, and the court entered a decree in accordance with the prayers of the petition. The court overruled a motion for a new trial filed by the defendants, and exception was taken to that judgment.

*Judgment affirmed. All the Justices concur.*